Bond No. <u>SUR0020555</u>

## **FINAL ACCEPTANCE PAYMENT AND PERFORMANCE BOND**

KNOW ALL MEN BY THESE PRESENTS, that we <u>Real Goods Energy Tech, Inc. D/B/A Real Goods Solar, Inc.</u>, as Principal (and Contractor), and <u>Argonaut Insurance Company</u> as Surety, are held and firmly bound unto <u>BAL Solar Portfolio I, LLC</u> ("Obligee") for the sum of <u>Six Hundred Twenty Three Thousand Nine Hundred Forty Six and 20/100 ($623,946.20)</u>, in good and lawful money of the United States of America, the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THE OBLIGATION IS SUCH, That Whereas, the Principal entered into a certain Engineering, Procurement, and Construction Agreement dated June 16, 2012, with GASNA 14P, LLC (the "Contract", which shall have the same meaning as the "Agreement", as defined therein) for the Williamstown Solar Project ("Project")[1].

NOW THEREFORE, if the said Principal shall fully perform, each, every and all of the terms and conditions of said Contract (including any amendments to the Contract) on the part of the said Principal to be kept performed, including but not limited to, compliance with all guarantees, warranties, indemnities, achievement of Provisional and Final Acceptance, the payment of liquidated damages, and all other obligations set forth in the Contract or its amendments (collectively, the "Obligations"), then this obligation shall be of no effect, but otherwise it shall remain in full force and effect, and Surety shall perform, cause to be performed (including without limitation correct any defective work, execute any required warranty work and satisfy all conditions required for Provisional and Final Acceptance, all in accordance with the Contract requirements) and/or otherwise financially satisfy said Obligations (including all damages incurred by Obligee due to Contractor's default). With respect to the performance of any work required and otherwise requested under this Bond, Surety shall, at its expense and the discretion of the Obligee (in addition to paying Obligee all damages incurred by Obligee as a result of Contractor's default), either: (a) arrange for the Contractor, with the consent of Obligee, to perform and complete the required Obligations; (b) obtain bids or negotiated proposals from qualified contractors acceptable to Obligee for a contract to perform and complete the Obligations, arrange for a contract to be prepared for execution by Obligee and a contractor selected with Obligee's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Contract and which work shall all be paid for by Surety; (c) undertake to perform and complete the Obligations itself, through its agents or independent contractors; or (d) indemnify Obligee for all costs incurred by Obligee to perform and complete the Obligations on its own. This Final Acceptance Payment and Performance Bond (the "Bond") shall remain in effect during the period described below.

The term of this bond is for the period commencing <u>February 15, 2013</u> and expiring on <u>October 15, 2015</u>, unless released by the Obligee prior thereto. However, the term of this bond may be renewed for an additional one-year period(s) by the issuance of a Continuation Certificate by the Surety.

---

[1] All capitalized terms not defined herein shall have the same meaning as defined in the Contract.

EXHIBIT 1

PORH AS-0049552

It is a condition hereof that any change, alteration, modification or amendment of any nature whatsoever that may be made in the terms of said Contract, any change in the character of scope of the work to be performed, or the method of performance, under said Contract or modification of said Contract or in the time for completion thereof, any change in the manner, time or amount of payment as provided therein, or any change that may be made in the performance of the work under said Contract, may be made without notice to the Surety, and without affecting the obligations of the Surety under this bond and without requiring the consent of the Surety, and no such change or changes shall release the Surety from any of its obligations hereunder, and the Surety hereby consents to and waives notice of any such change, alteration, modification or amendment.

Upon first demand of the Obligee, Surety unconditionally, expressly and irrevocably agrees to pay to Obligee making said demand the sum requested by Obligee within Thirty (30) calender days from the date of such demand. Surety agrees that demand for payment or performance of the obligation to the Principal shall not be required prior to presentation of such demand for payment from the Surety and/or a condition precedent to the Surety's obligation to make payment to any Obligee under this Bond. Any demand for payment presented to Surety by the Obligee hereunder shall be a simple statement that shall state that the Principal is in breach of the Contract and shall also include the account information of the Obligee.

Any demands against Surety under this Bond should be made to:

> Argonaut Insurance Company
>
> 225 W. Washington, 6th Floor
>
> Attention: Surety Bond Claims
>
> phone:312-849-6992; email:contact@argosurety.com

Any legal proceedings arising under or otherwise related to this Bond may be instituted in any court of competent jurisdiction (federal or state) where the Project is located, which venue and jurisdiction the Surety expressly consents to for any dispute arising from or relating to the enforcement of this Bond.

Obligee may freely assign its rights, title and interest under the Bond to any person, firm, or entity.

Nothing herein shall in any way limit, cap or otherwise modify Contractor's obligations, financial and otherwise, under the Contract.

The Surety's total obligation shall not exceed the penal sum of this Bond.

IN WITNESS WHEREOF, the said Principal and Surety have hereunto set their hands and seals, this 15th day of February 2013.

| CONTRACTOR AS PRINCIPAL | SURETY |
|---|---|
| Company: Real Goods Energy Tech, Inc. D/B/A Real Goods Solar, Inc. (Seal) | Company: Argonaut Insurance Company (Seal) |

Signature:_____  Signature:_____

Name and Title:  Name and Title: Angela M.Tindol, Attorney-in-Fact

Attach Power of Attorney

Witness:_____  Witness:_____

(Any additional signatures appear on page attached)

FOR INFORMATION ONLY
AGENT OR BROKER:
(Name, Address and Telephone)


Acknowledged and Accepted:

GASNA 14P, LLC

By:_____
   Name:
   Title: