

## ARGONAUT INSURANCE COMPANY

June 12, 2015

### VIA CERTIFIED MAIL, R.R.R & REGULAR MAIL

Mr. Kamyar Mofid, CEO and Director
Real Goods Solar, Inc.
833 W. South Boulder Rd.
Louisville, CO 80027-2452

Ms. Lynn Powers, CEO and Director
GAIAM, Inc.
833 W. South Boulder Rd.
Louisville, CO 80027-2452

Mr. Dennis Lacey, CFO
Real Goods Solar, Inc.
833 W. South Boulder Rd.
Louisville, CO 80027-2452

Mr. Stephen J. Thompson, CFO
GAIAM, Inc.
833 W. South Boulder Rd.
Louisville, CO 80027-2452

Mr. D. Thompson McCalmont, CEO
Regrid Power, Inc.
1624 Dell Avenue
Campbell, CA 95008

Ms. Darlene McCalmont, VP
Regrid Power, Inc.
1624 Dell Avenue
Campbell, CA 95008

Re:      Obligations under the General Indemnity Agreement relative to Various Bonds

Indemnitors:

As you are aware, Argonaut Insurance Company ("Argonaut" or the Surety") is the Surety for Real Goods Solar, Inc. ("RGS" or the "Principal") in connection with several bonds issued by Argonaut ("Bonds"). As you are also aware, RGS, GAIAM, Inc. and Regrid Power, Inc.  ("GAIAM") executed a General Indemnity Agreement ("GIA") dated April 20, 2009 in favor of Argonaut as Surety, in connection with these Bonds.

The GIA provides the following, in relevant part:

2.   **Indemnity.**  To indemnify, hold harmless and exonerate Surety from and against any and all Losses, as well as any other reasonable expense that the Surety may incur or sustain as a result of or in connection with the furnishing, execution, renewal, continuation, or substitution of any Bond(s). Expenses include, but are not limited to: (a) the cost incurred by reason of making an independent investigation in connection with any Bond(s) or this Agreement; (b) the cost of procuring or attempting to procure the Surety's release from liability or a settlement under any Bond(s) upon or in anticipation of Losses, including the defense of any action brought in connection therewith; and (c) the cost incurred in bringing suit to enforce this Agreement against any of the Indemnitors. Payments of amounts due the Surety hereunder, including interest, shall be made immediately upon the Surety's demand.   Vouchers, affidavits, or other evidence of payment by the Surety shall be prima facie evidence of the Indemnitors' liability for any such Losses or other expenses.

The term "Losses" shall mean any and all sums (a.) paid by Surety to claimants under the Bonds, (b.) sums required to be paid to claimants by Surety but not yet, in fact, paid by Surety, by reason of execution of such Bonds, (c.) all costs and expenses incurred in connection with investigating, paying or litigating any claim, including but not limited to legal fees and expenses, technical and expert witness fees and expenses and (d.) all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under this Agreement including, but not limited to interest,  legal fees and expenses and (e.) all accrued and unpaid premiums owing to Surety for the issuance, continuation or renewal of any Bonds and (f.) all other amounts payable to Surety according to the terms and conditions of this Agreement.

8.   **Default** The Indemnitors shall be in default of this Agreement if: (a) Indemnitors shall become a party in any insolvency, receivership, liquidation, or bankruptcy; (b) Indemnitors make representation to the Surety by or on behalf of any of the Indemnitors that prove to have been misleading or materially false when made; (c) Indemnitors fail to provide collateral in response to a proper request made by the Surety; (d) Indemnitors breach any other provision of this Agreement; (e) Surety establishes reserves against Losses in connection with Bond(s); and/or (f) Surety sustains Losses under Bond(s).

13100 Wortham Center Drive
Suite 290
Houston, TX 77065

T. 281-640-7922
F. 281-640-7930

Mailing Address:
PO Box 469012
San Antonio, TX 78246

www.argosurety.com

EXHIBIT
5

Indemnitors
June 12, 2015
Page 2

10. **Surety's Rights to Release of Bonds and Indemnitors Waiver.** The Surety may, in its sole discretion, determine one or more of the following: (a) the Indemnitors financial condition has been or is believed to be deteriorating; or (b) there has been or is believed to be some other change that adversely impacts the Surety's risk under the Bond(s). In such an event, within thirty (30) days of receipt of the Surety's written demand, the Indemnitors shall procure the full and complete release of the Bond(s) by providing competent written evidence of release satisfactory to the Surety, in its sole discretion. If Indemnitors fail to provide the aforementioned release Indemnitors shall, within an additional seven (7) days, provide the Surety with collateral in the amount of 100% of all unreleased liability under the Bond(s). The liability shall be determined at the time of the Surety's written demand. Collateral will be in the form of (a) an irrevocable letter of credit in form, content, and issued by a financial institution acceptable to the Surety; (b) a pledged money market account, in the form, content, and issued by a financial institution acceptable to the Surety; and/or (c) other collateral in form, content, and substance acceptable to the Surety, in its sole discretion. Collateral previously provided to the Surety may be utilized to establish compliance with this provision. If the liability subsequently increases, then it is the Indemnitors' responsibility to ensure continued compliance with this provision at all times.

The Indemnitors waive, to the fullest extent permitted by law, each and every right that they may have to contest this requirement to provide collateral under this Agreement (individually and collectively, the "Collateral Requirement"). The Indemnitors stipulate and agree that the Surety will not have an adequate remedy at law should Indemnitors fail to perform the Collateral Requirement and further agree as a result that the Surety is entitled to specific performance of the Collateral Requirement. The Surety's failure to act to enforce its right to specific performance shall not be construed as a waiver of that right, which right may be enforced at any time at the Surety's sole discretion. Indemnitors further agree that this Collateral Requirement shall not limit or be deemed a waiver of the Surety's other rights, which it may exercise in its sole discretion, under this Agreement or otherwise to cancel Bond(s), to demand collateral, or to take any other actions the Surety deems necessary and/or prudent, in its sole discretion, to mitigate actual or potential Losses under any and all Bond(s) written in accordance with this Agreement. The exercise of such additional rights shall not be contingent upon the Surety's enforcement of this provision. Collateral to be provided to the Surety shall be sent to: Attn: Treasurer, Argo Surety, 10101 Reunion Place, Suite 500, San Antonio, TX 77216.

A copy of the GIA is enclosed.

Argonaut has been concerned that RGS's financial condition has been or is believed to be deteriorating. Also, as you may be aware, Argo received a formal Notice of Defective Work and Notice of Default letter dated March 17, 2015. This letter is in reference to Argo Bond SUR0020555 and was issued by the obligee, BAL Solar Project 1, LLC, on the Williamstown Solar Project. This letter adversely impacts the Surety's risk under Bond SUR0020555.

As such, at this time, and in accordance with the terms and conditions, specifically contained in Paragraph 10 of the GIA, Argonaut hereby makes formal written demand to the Indemnitors that within the next thirty (30) days of receiving this written demand, the Indemnitors shall procure the full and complete release of the Bond SUR0020555 by providing competent written evidence of release satisfactory to the Surety.

Should the Indemnitors fail to provide the aforementioned release within the next 30 days of having received this written demand, Indemnitors shall, within an additional seven (7) days, provide the Surety with collateral in the amount of 100% of all unreleased liability under Bond SUR0020555. In other words, should you fail to procure the full and completed release of the Bond, Argonaut hereby demands collateral in the amount of $623,946.20.

In closing, please be advised that any and all of Argonaut's rights, defenses, etc., at law, in equity, under the Bonds, the GIA or otherwise are expressly herein reserved. Furthermore, we trust you understand the joint and several indemnity obligations of the Principal and Indemnitors to the Surety.

Very truly yours,

Jaime Perkins, Esq.
Director of Surety Claims

JSP/
Enc.